UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAQUAIN YOUNG, et al,<br><br>Defendants. | Case No. 13-cr-00764-WHO<br><br>**ORDER REGARDING DEFENDANT YOUNG'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 311 |

By the time of the hearing on April 3, 2015, the parties had largely resolved the issues raised by defendant Young's motion to compel. During the briefing of the motion, the government produced four CD's containing the requested material and then described the motion as "overwhelmingly moot." Defendant Young's counsel had not had the opportunity prior to the hearing to review all of the material on the CD's to confirm that the government had complied with its requests.

Given that the government has indicated that it has provided or will provide the requested discovery related to the murder of Jelvon Helton and the prostitution charges against Mr. Young, as outlined on pages 4 and 5 of Young's Reply Brief (Dkt. No. 334), and that Young requests an order to that effect to avoid any further disagreement, I GRANT Young's motion with respect to said discovery, except as discussed below.

In the Reply Brief, Young discussed seven items that he claimed the government was withholding under the Jencks Act, but that Young asserts are not covered by the Jencks Act with two possible exceptions. Dkt. No. 334 at 10-15. Concerning the possible Jencks Act material, the government raised concerns only with respect to the taped interview of one witness referred to on page 14 of the Reply Brief. Given the government's representation that the interview is covered

by the Jencks Act, I will not require its production at this time. It is not clear to me whether the government also seeks to withhold production of the second witness interview referred to on the same page in Young's Reply brief for the same reason, but if it does, I will not require that interview's production either. The government also indicated that it is reviewing hundreds of pages of Facebook messages for potential production to the defendants. I did not set a date for this disclosure, but required that the review be completed with all due (not deliberate) speed.

Other than that, the government did not oppose producing the other items described in the Reply Brief at pages 10-14. Therefore, I GRANT Young's motion regarding the seven items and ORDER that the government produce, subject to appropriate redactions and the other portions of this Order: the DVD with surveillance footage from the night of Jelvon Helton's murder; the complete SFPD chronological report of investigation dated April 11, 2011; Inspector Cunningham's notes, memos, reports or other material related to the incident on November 1, 2010; the missing Facebook messages; the documentation referred to in the San Francisco Sheriff's Department's "Inter-Office Correspondence" dated March 13, 2013; reports relating to a specific witness interviewed early in the course of SFPD's investigation of Jelvon Helton's murder; and, evidence that Esau Ferdinand was the shooter.

Finally, it appears that some of the text messages exchanged between Young and the undercover officer that would be relevant to the prostitution charges are missing and perhaps destroyed. Young also contends that video footage from Walgreens from the night of Mr. Helton's murder is missing. The government believes that it has produced all the video footage, but will confirm. If that is not the case, it will produce the remaining footage. If the text messages or footage are not located, Young should file an appropriate motion to be heard on June 4, 2015. Defendant Robeson may wish to be heard on this issue at that time as well.

**IT IS SO ORDERED**.

Dated: April 13, 2015

WILLIAM H. ORRICK
United States District Judge