UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

    Plaintiff,

    v.

JAQUAIN YOUNG, et al.

    Defendant.

Case No. 13-cr-00764-WHO-1

**ORDER REGARDING YOUNG'S MOTION TO SUPPRESS STATEMENTS IN VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL**

Re: Dkt. No. 419

## INTRODUCTION

Defendant Jaquain Young moves to suppress under the Sixth Amendment his statements regarding an unindicted murder and RICO conspiracy where the statements were deliberately elicited by a government informant while Young was in jail on pimping charges for which his right to counsel had attached. Young has not identified or described any of the statements he seeks to suppress, however, preventing me from determining whether use of the statements at the trial of this case would violate the Sixth Amendment. Accordingly, this Order requires additional briefing, if Young has sufficient information now to identify the statements, and otherwise denies his motion without prejudice to bringing it at a later time.

## BACKGROUND

On March 13, 2013, Young was charged in a criminal complaint with attempted enticement and inducement of a minor to engage in prostitution, also referred to here as pimping. He appeared in court and was appointed counsel the next day, March 14, 2013. On April 4, 2013, Young was charged in a two-count indictment alleging violation of 18 U.S.C. § 2422(b) (attempted enticement of minor to engage in prostitution) and 18 U.S.C. § 2422(a) (attempted enticement of individual to travel for prostitution). *United States v. Young*, 13-cr-229, Dkt. No. 10

On June 18, 2013, Young was brought to a holding cell at 450 Golden Gate Avenue, San Francisco for a court hearing on his then-pending case. Federal agents arranged to lock Young in a cell with another inmate who was acting as a government informant and who was wired so that

the agents could record his conversations with Young. The agents instructed the informant not to discuss Young's pending pimping case, but told the informant "feel free" to initiate conversations "on the stuff that we're interested in."[1] According to the government, all portions of the recording regarding the pending pimping charges (approximately 38 minutes of the 6.5 hour recording) have been excised by a taint review team. The government's trial team has not heard the removed portion, nor has Young's defense counsel.[2]

In support of his motion, Young included portions from the produced (non-excised) recording where it appears that the informant asked Young questions which were likely to elicit statements incriminating on the pending pimping charges. For example, the informant stated:

- When you be talking to your girl, do you be telling her like stuff like, like watch her movements . . .
- What about the hotel when you were saying about the whole [unintelligible] and all that?
- Basically [unintelligible] what I'm saying is the present case you've had now, brother, it's been a total -- how many months?
- Have you ever heard of a -- of a pimp called Hocus Pocus?
- It's like, um -- like this one guy. He was saying that, you know, he was pimping and all that.

Young's responses to these statements were not included or described in his motion. It is not clear whether his responses were excised by the taint team or whether Young elected not to include the responses in his brief. However, since the government's taint team excised approximately 38 minutes from the recording, I assume that Young made statements about the pimping charges for which he was already indicted, either in response to those questions or other

---

[1] The parties have excerpted only a small portion of the 6.5-hour recording of the informant's conversations with Young. That portion does not reflect whether the agents described the "stuff we're interested in" to the informant. I assume it included discussion of other criminal activities, such as the murder of Jelvon Helton, with which Young is now charged, and the alleged CDP gang enterprise.

[2] Young requested the excised portion the day before the hearing on this motion. The government stated at the hearing that it is in the process of determining whether it can produce the excised portion without tainting itself.

questions.[3]

On August 14, 2014, the government filed a second superseding indictment in the present case, adding charges against Young for RICO conspiracy and the murder of Jelvon Helton, in violation of 18 U.S.C. § 1962(d), 18 U.S.C. § 1959(a)(1), 18 U.S.C. § 924(c)(1)(A), and 18 U.S.C. § 924(j). He remains charged with the pimping charges first charged in the initial indictment.[4] The government states that "Young made incriminating statements about the CDP enterprise as well as the Helton murder" in the recording and that it intends to use those statements at trial. Dkt No. 441 at 7. Neither party has identified any of those incriminating statements.

## LEGAL STANDARD

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Sixth Amendment right is "offense specific" and does not attach until a defendant is charged. *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Once a defendant's Sixth Amendment right to counsel has attached, the government is forbidden from deliberately eliciting statements from the defendant incriminating about the charged crimes. *Randolph v. People of the State of Cal.*, 380 F.3d 1133, 1143 (9th Cir. 2004); *Illinois v. Perkins*, 496 U.S. 292, 299 (1990). The Sixth Amendment is violated where the government creates a situation likely to induce a defendant to make incriminating statements without the assistance of counsel. *See United States v. Henry*, 447 U.S. 264, 271, 274 (1980). "The government may not use an undercover agent to circumvent the Sixth Amendment right to counsel once a suspect has been charged with the crime." *Perkins*, 496 U.S. at 299; *see also Maine v. Moulton*, 474 U.S. 159, 176 (1985) ("[T]he Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent."). However,

---

[3] The government is not seeking to introduce those statements, undoubtedly recognizing that doing so would violate the Sixth Amendment.

[4] On August 14, 2014, the government moved Judge Chen to dismiss the then-pending indictment against Young in *United States v. Young*, 13-cr-229, on the grounds that those charges (pimping) were included in the Second Superseding Indictment in the present case.

1  "[i]ncriminating statements pertaining to other crimes, as to which the Sixth Amendment right has
2  not yet attached, are, of course, admissible at a trial of those offenses." *Moulton*, 474 U.S. at 180
3  n.16.

## DISCUSSION

The government concedes that it cannot use Young's statements regarding the pimping charges because those charges were pending at the time the statements were made and Young's right to counsel had attached for those charges. The government contends that it can use Young's statements regarding the RICO conspiracy and the murder of Jelvon Helton because he had not yet been charged for those crimes and therefore had no Sixth Amendment rights concerning them. The question, then, is whether the government can use Young's statements about the alleged murder and RICO conspiracy at a trial on those charges where he is also being tried on the pimping charges.

Young contends that the Supreme Court resolved this question in *Moulton* by holding that the government cannot use incriminating statements elicited from a defendant in a trial involving charges that were pending when the defendant made the statements. But *Moulton* addressed only the admissibility of statements regarding charges pending at the time the statements were made, holding that "incriminating statements pertaining to pending charges are inadmissible at the trial of those charges, notwithstanding the fact that the police were also investigating other crimes, if, in obtaining this evidence, the State violated the Sixth Amendment by knowingly circumventing the accused's right to the assistance of counsel." *Moulton*, 474 U.S. at 180. In contrast, here the government seeks to admit statements regarding non-pending charges, a situation that *Moulton* did not address. Indeed, the Court noted, that "to exclude evidence pertaining to charges as to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained, simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities." *Id.*; *see also Perkins*, 496 U.S. at 294 (statements regarding uncharged murder elicited from defendant in jail on pending battery charges were admissible at subsequent trial on murder charge because "no charges had been filed *on the subject of the interrogation*, and our Sixth Amendment precedents are not applicable") (emphasis

4

added).

As discussed below, the cases cited by Young demonstrate two circumstances where statements regarding non-charged conduct should be suppressed or severed from trials on charges which were pending at the time the statements were made: (i) where the statements regarding non-charged conduct are incriminating with respect to, or are intertwined with, the charged conduct and (ii) where the statements regarding non-charged conduct are derivative, or fruits, of a Sixth Amendment violation. Young has not established that the statements the government seeks to admit fit into either category. But I will give Young a further opportunity to make that showing. Below I set forth my analysis of the facts and authorities presented by the parties.

## I. YOUNG'S STATEMENTS REGARDING THE MURDER AND CONSPIRACY CHARGES MUST BE SEVERED IF THEY ARE INCRIMINATING ON THE PENDING PIMPING CHARGES

The Sixth Amendment precludes use of elicited statements about non-charged crimes if the statements are also incriminating about crimes that were charged (and to which the Sixth Amendment right to counsel had therefore attached) at the time the statements were made. For example, in *Honeycutt v. Donat*, 535 F. App'x 624, 629 (9th Cir. 2013), the Ninth Circuit ordered severance of a defendant's elicited statements about a non-charged crime, solicitation of murder, because the prosecution used those statements "to incriminate him on charges to which his right of counsel had already attached," sexual assault and kidnapping of the same person whose murder he solicited. The court explained that the Sixth Amendment did not preclude the government from investigating other crimes after the defendant had been charged, but "the Sixth Amendment did forbid the government from using deliberately elicited statements to incriminate the defendant on charges to which the right of counsel had already attached." *Id*. The court noted, however, that the Sixth Amendment did not bar the government from using the deliberately elicited statements as evidence of guilt on the solicitation of murder charge.[5] *Id*. at 629.

---

[5] On remand, the district court severed the solicitation of murder charge from the kidnapping charge because the evidence at issue was incriminating on both charges. *Honeycutt v. Donat*, 06-cv-00634 (D. Nev. May 12, 2014) (order on motion to reconsider conditional grant of writ of habeas corpus).

Similarly, in *United States v. Lentz*, 419 F.Supp.2d 794, 819 (E.D. Va. 2005), the defendant was charged with kidnapping and, while awaiting trial, made statements to an informant regarding a plot to murder witnesses to the kidnapping. The government sought to introduce the statements regarding the murder plot as evidencing consciousness of guilt on the kidnapping charge. The court suppressed the statements, explaining that "the Sixth Amendment right elucidated in *Massiah* would be eviscerated if statements deliberately elicited by a government agent with respect to an unindicted crime could be used as consciousness of guilt evidence in connection with an indicted pending charge." *Id.*; *see also United States v. Lepp*, 2008 WL 667397, *15 (N.D. Cal. 2008) (severing charges not pending when incriminating statements were made because evidence was "intertwined" with charges pending when statements were made); *United States v. Thomas*, 2009 WL 4015420, at *3 (W.D. Pa. Nov. 19, 2009) (severing deliberately elicited statements regarding uncharged plot to murder witness to alleged cocaine distribution where defendant was already charged with the cocaine distribution when he made the statements regarding the murder plot).

These cases do not stand for the broader proposition asserted by Young, that statements about uncharged conduct should be suppressed every time the government later proceeds with a prosecution that includes both charges pending at the time of the statement and new charges. Instead, I must analyze the statements to see if the evidence is intertwined. Because Young did not identify or describe any of the statements he seeks to suppress, I cannot determine whether those statements should be severed from this trial on the grounds that they are incriminating concerning the pending pimping charges or otherwise intertwined with the evidence regarding the pimping charge.

If Young still seeks to suppress his statements, he may file a brief within 14 days of this Order setting forth why the specific statements he seeks to suppress are incriminating with respect to his pimping charges. The government may file a response within seven days of Young's brief. On the other hand, if Young chooses not to brief this issue, I will deny his motion without prejudice to his raising it again (perhaps after he has reviewed the 38 minute gap in the tape).

## II. YOUNG'S STATEMENTS REGARDING THE MURDER AND CONSPIRACY CHARGES MUST BE SEVERED IF THEY ARE FRUITS OF SIXTH AMENDMENT VIOLATIONS

The "fruits of the poisonous tree" doctrine requires suppression of all derivative evidence obtained through the government's Sixth Amendment violation. *United States v. Kimball*, 884 F.2d 1274, 1278 (9th Cir. 1989) (citing *Nix v. Williams,* 467 U.S. 431, 441-43 (1984)). "[I]n order for evidence to be suppressed as the fruit of a constitutional violation, the violation must at a minimum have been the 'but for' cause of the discovery of the evidence." *Kimball*, 884 F.2d at 1278.

In *Kimball*, undercover agents met the defendant in prison where he was awaiting trial for money laundering. The agents, posing as money collectors, offered to help the defendant move the funds he was accused of laundering, and the defendant made incriminating statements during the conversation. The agents subsequently met with one of the defendant's co-conspirators, whose trust they had earned by meeting with the defendant. The co-conspirator made additional incriminating statements. The Ninth Circuit affirmed the district court's order suppressing both the defendant's statements and the co-conspirator's statements, explaining that "but for the agents' willingness to compromise [the defendant's] rights, [the agents] would not have been in a position to engage in further communication with [the co-conspirator]." *Id*. at 1279.

Similarly, in *Lepp*, the government used material from narcotics charges on which Lepp had been indicted to "lure" him into a sting where he made incriminating statements which led to new distribution charges in a superseding indictment. 2008 WL 667397, *15 ("It is undisputed that the government used material from an offense for which Lepp had been indicted in order to lure him into selling marijuana to the undercover agent."). The Hon. Marilyn Hall Patel suppressed the statements garnered from the sting from a trial on the charges pending when the sting occurred. *Id*. She noted that the statements could be introduced with respect to the distribution charges added in the superseding indictment, but she ordered those counts severed since "the evidence in the pre-sting and sting counts is intertwined." *Id*.

It is possible that the statements that Young seeks to suppress are derivative of the informant eliciting statements from Young that were incriminating about his charged conduct, to

7

1 which Young's Sixth Amendment right had attached. That may be hard to determine, however,

2 without reference to the excised portions of the recording that neither the prosecutors in this case

3 nor Young's counsel have heard. Accordingly, this Order is without prejudice to Young seeking

4 to suppress his statements as fruits of a Sixth Amendment violation if he obtains a transcript of the

5 excised portion.[6]

## CONCLUSION

If Young still seeks to suppress his statements, he may file a brief within 14 days of this Order setting forth why the specific statements he seeks to suppress are incriminating concerning the pimping charges that were pending at the time that he made the statements and/or why the statements should be suppressed as fruits of a Sixth Amendment violation. The government may file a response within seven days of Young's brief. If Young does not file such a brief, his motion to suppress will be denied without prejudice to his right to renew the motion once he has obtained a transcript of the excised portion of the recording at issue.

**IT IS SO ORDERED**.

Dated: September 1, 2015



WILLIAM H. ORRICK
United States District Judge

---

[6] If Young does ultimately file a motion which relies in any part on the excised portion, he should first meet and confer with the government to determine a way to do so without tainting the government's trial team. If the parties are not able to agree to a procedure, they shall bring the issue to me in a joint statement.