UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAQUAIN YOUNG,<br><br>    Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER ON REQUEST FOR CLARIFICATION**<br><br>Re: Dkt. Nos. 419, 470 |

Given my prior Order Regarding Young's Motion to Suppress Statements in Violation of Sixth Amendment Right to Counsel, Dkt. No. 463, in which I allowed further briefing on a renewed motion once Young listened to the entire recording of his conversation with a government informant, the prosecutors in this RICO matter have asked me to clarify their rights to access the 38 minutes that the government's taint prosecutor excised from the conversation.[1] Dkt. No. 470. Specifically, they move for an order finding that if Young "use[s] any of the 38 minute excised portion in any way, whether as a basis for requesting severance or for any other reason, [he] waive[s] any objection to the trial team reviewing the excised portion in order for us to be able to respond effectively to any arguments [he] raise[s] as a result." *Id.* at 2. This Order denies that request.

As background, the government directed an informant to converse with Young in a holding cell for 6.5 hours while Young was being held on pimping charges for which Young's right to counsel had attached in *United States v. Young*, 13-cr-00229, a case before the Hon. Edward M. Chen. The informant was instructed not to talk with Young about the charges before Judge Chen, but to draw him out concerning other as yet uncharged crimes. The taint team then listened to the

---

[1] It is unclear whether the 38 minutes includes one long portion of the 6.5 hour conversation or a number of smaller snippets.

full recording and excised 38 minutes. I assume that the taint team did so because the 38 minutes concerned the charges pending before Judge Chen and would potentially violate Young's Sixth Amendment rights if they were used by the prosecutors in the subsequent RICO case before me.[2] The prosecutors in this case have not listened to the 38 minutes. They have named Young as a defendant in the superseding indictment here, included the charges that were pending before Judge Chen, and dismissed the case before Judge Chen.

It is my understanding that the government has provided, or is providing, the 38 minutes to Young. As of yet, it is unknown whether or to what extent Young will rely on the contents of the 38 minutes for a motion to suppress or other motion. If he does, as I stated in my prior order, Young's counsel shall meet and confer with the prosecutors in this case regarding a procedure to present the argument to me without tainting the prosecutors. If there is disagreement, the parties shall bring the issue to me in a joint statement, and I will review the relevant portions of the 38 minutes *in camera* if necessary. This process enables the prosecutors to remain shielded from the 38 minutes, which seems like a wise precaution.[3]

I will not issue an order finding, before I have even heard the excised portion or been told generally what information it contains, that the prosecutors are absolved of any consequences if they listen to it. Such an order is, at best, premature. The government chose to use an informant after Young's right to counsel had attached, chose to rely on the recording obtained by that informant even though it included at least some statements likely obtained in violation of the Sixth Amendment, chose the taint procedure, and chose to include the charges that were initially brought in Judge Chen's case as part of this RICO prosecution instead of severing them. I will not preemptively rule that Young has waived any objection to the prosecutors hearing the excised 38 minutes, merely because he may seek a determination that his rights were violated. The

---

[2] The government says in its Reply that it was under no legal compulsion to use a taint prosecutor, that nothing prevented them in the past from listening to the 38 minutes, and that they have not done so "out of an abundance of caution." Dkt. No. 474 at 2. The government has not otherwise explained why the 38 minutes were excised.

[3] It is unclear to me why the taint prosecutor could not competently defend Young's motion to suppress as it relates to the 38 minutes, since the taint prosecutor decided what to conceal from the prosecutors in this case, but that issue may be addressed in the joint statement if necessary.

1  government chose the manner of gathering its evidence and must live with the consequences.

2  **IT IS SO ORDERED**.

3  Dated: September 15, 2015

WILLIAM H. ORRICK
United States District Judge