UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JAQUAIN YOUNG, <br> Defendant. | Case No. 13-cr-00764-WHO-1 <br><br> **ORDER REGARDING JAQUAIN YOUNG'S MOTION IN LIMINE RE: PORTIONS OF JAILHOUSE RECORDING GOVERNMENT INTENDS TO USE AT TRIAL** <br><br> Re: Dkt. No. 959 |

This is the third substantive Order stemming from defendant Jaquain Young's motion pursuant to *Massiah v. United States,* 377 U.S. 201 (1964) concerning the government's use of an informant to elicit uncounseled statements from him while he was in custody on charges of attempted pimping. *See* Dkt. Nos. 463, 895. In the last Order, I required the government to identify the statements it intends to use at trial to determine if they are the fruits of the *Massiah* violation or if they are incriminating with respect to the charges pending at the time of the taped conversation. It did so. Young then moved *in limine* to exclude portions of the statements. Because knowing which statements are admissible may impact other defendants' motions, including under *Bruton v. United States*, 391 U.S. 123 (1968), I am addressing the *Massiah* issue now while the parties and Court continue to wait for the resolution of two interlocutory appeals filed by the government that remain in the Ninth Circuit.

I will not repeat the background facts that have been laid out in prior orders. But it is worth repeating the legal standard. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. Once a defendant has been charged with a crime and his Sixth

Amendment right to counsel has attached, the government is prohibited from "deliberately eliciting" incriminating statements with respect to the charged crime. *Massiah*, 377 U.S. at 206. A "deliberate elicitation" occurs where the government "intentionally creat[es] a situation likely to induce [the defendant] to make incriminating statements without the assistance of counsel." *United States v. Henry*, 447 U.S. 264, 274 (1980). To show that incriminating statements obtained by a government informant were obtained in violation of the Sixth Amendment, a defendant "must show that [the informant] was acting as an agent of the [government] when he obtained the information from [the defendant] and that [the informant] made some effort to 'stimulate conversation[] about the crime charged.'" *Randolph v. California*, 380 F.3d 1133, 1144 (9th Cir. 2004) (quoting *Henry*, 447 U.S. at 271 n.9). Because the *Massiah* right is "offense specific," it applies only to incriminating statements pertaining to pending charges as to which the Sixth Amendment right to counsel has attached. *McNeil v. Wisconsin*, 501 U.S. 171, 175-76 (1991). "Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached, are, of course, admissible at a trial of those offenses." *Maine v. Moulton*, 474 U.S. 159, 180 n.16 (1985).

The government provided the defendant with a transcript of those portions of the government's jailhouse recording that it intends to use at trial. Craig Decl. ¶ 2 (Dkt. No. 959-1). Young copied the transcript onto pleading paper, paginated the document, inserted notations identifying certain "statements," and entitled it Transcript Excerpts from June 18, 2014 Recording The Government Intends To Introduce at Trial. *Id*. ¶ 3; Ex. B ("Transcript Excerpts") (Dkt. No. 959-3). The parties used this document to brief and argue the motion. I have read it, reviewed the memoranda, and considered oral argument. I am expanding somewhat the portions of the statements that should be excluded from what I announced in my tentative ruling and will exclude the following statements in the Transcript Excerpts that I find are incriminating or show a guilty mind with respect to the then pending charges to which the right to counsel had attached or to prostitution and pimping more generally:

    p. 4: 12-13 (relates to prostitution)

    p. 13:18 - 14:14 (incriminating--shows guilty mind)

        p. 19:11 - 20:2 (incriminating)

        p. 35:13 - 36:11 (shows guilty mind)

        p. 48: 17- 20[1] (incriminating).

I will not exclude the other statements on *Massiah* grounds because they are not incriminating and do not show a guilty mind with respect to the pimping and prostitution charges to which the right to counsel had attached. Young points to a number of cases where *Massiah*-related statements regarding new offenses could not be used in the trial of the case where the right to counsel had attached. But the new offenses in those cases were incriminating with respect to the underlying offenses, such as fabricating an alibi and kidnapping or murdering a witness (*see United States v. Bender*, 221 F.3d 265 (1st Cir. 2000), *In re Wilson*, 3 Cal. 4th 945 (1992), *United States v Lentz*, 419 F. Supp. 2d 794 (E.D. Va. 2005), *United States v. Thomas*, 2009 WL 4015420 (W.D. Pa. 2009)), or aiding and abetting the distribution of a controlled substance when the underlying charge was money laundering the proceeds of the drug dealing (*United States v. Kimball*, 884 F. 2d 1274 (9th Cir. 1989)). In those cases, it was necessary to have a separate trial on the new charges because the defendant's uncounseled statements were incriminating with respect to the underlying charges.

Here, the government alleges a broad ranging racketeering conspiracy over a number of years and a vast array of criminal conduct by eleven defendants, ranging from stealing an iPad to murder. Young's statements similarly address a wide variety of conduct, and they are not inadmissible if they are incriminating with respect to new, separate offenses with which Young had not been charged. The other offenses discussed by Young, whether it be gun, drug, or other RICO allegations, are not incriminating with respect to the pending pimping charges. Because *Massiah* rights are offense specific, and do not attach to incriminating statements pertaining to other crimes, I am not excluding the remainder of the statements on *Massiah* grounds.

While I believe that this Order completely removes all statements that have any *Massiah*-

---

[1] The cited page numbers are found at the bottom of each Transcript Excerpt page, not the docket pagination (which is one page higher because the blank "Exhibit B" page is page 1 in the docket but not the Transcript Excerpts).

1  related implications, I will give a limiting instruction at trial, if offered by defendant Young, that
2  the recorded conversation cannot be considered with respect to the then-pending pimping charges.
3       I am not ruling at this time on Federal Rule of Evidence 404(b) or 403 grounds, which I
4  will consider with the other motions *in limine* closer to trial.
5       **IT IS SO ORDERED**.
6  Dated: December 19, 2016



WILLIAM H. ORRICK
United States District Judge