UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAQUAIN YOUNG,<br><br>    Defendant. | Case No. 13-cr-00764-WHO-11<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 2558 |

Defendant Jaquain Young ("Young") requests leave to file a second Rule 33 motion for new trial pursuant to Rule 45(b) of the Federal Rules of Criminal Procedure. *See* Motion for Leave ("Mot.") [Dkt. No. 2558]. The jury's verdict was entered on March 3, 2018, my denial of the first motion was affirmed on appeal, and the Supreme Court denied cert. Now Young raises a new issue that he could not have raised in the prior appeal: he argues that the State of California changed Penal Code sections 188 and 189 regarding imputed malice, modifying the applicability of "*Pinkerton*" jury instructions, and the California Supreme Court declared in 2022 that the change should be applied retroactively to defendants whose guilt was established in reliance on such an instruction. I gave a *Pinkerton* instruction in this case in 2018, and the government referred to it in reference to Young's guilt during closing. Young contends that he should be allowed to file a new Rule 33 motion because of this intervening change in controlling law. He argues that this change constitutes "excusable neglect" for filing the motion within the time limit prescribed by Rule 33, and thus that Rule 45(b) may extend the deadline.

There is no precedent that supports Young's motion. The time limits to file a Rule 33 motion are 14 days after verdict for legal error, or three years for newly discovered evidence. Young's appeal challenged the *Pinkerton* instruction he again contends was in error (for a

different reason); the instruction and verdict have been affirmed. *United States v. Heard*, No. 18-10218, 2022 WL 2662882, at *5 (9th Cir. July 11, 2022), cert. denied sub nom. *Young v. United States*, 143 S. Ct. 851, 215 L. Ed. 2d 83 (2023). Whatever the substantive impact of the change in California's Penal Code, a second new trial motion 5 and ½ years after the first one is not the proper vehicle to raise this issue; habeas relief is. Viewed through the lens of Rule 45, the prejudice to the government resulting from this delay counsels against the use of any discretion I may have to grant the motion. Young's motion is DENIED.

## BACKGROUND

On March 5, 2018, Defendant Jaquain Young was convicted of RICO conspiracy (18 U.S.C. § 1962(d)) (Count 1), VICAR murder (18 U.S.C. § 1959(a)(1)) (Count 18), use/possession/discharge of a firearm during a crime of violence (18 U.S.C. § 924(c)) (Count 19), use/possession of a firearm during murder (18 U.S.C. § 924(j)) (Count 20), and two attempt counts related to underaged pimping (18 U.S.C. § 242(a), (b)) (Counts 21 and 22). On June 6, 2018, I denied Young's motion for a new trial. Dkt. No. 1839. I determined (among other things) that the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find that Young had joined the RICO conspiracy. *Id.* 13-15. On June 8, 2018, I imposed concurrent terms of life imprisonment on Counts 1, 18, 20, and 22, a concurrent term of twenty years on Count 21, and a consecutive ten-year term on Count 19. Dkt. 1863.

On June 15, 2018, Young and his co-defendants appealed the judgment against them. Dkt. No. 1864. On July 11, 2022, the Ninth Circuit affirmed Young's conviction on Counts 1, 18, 20, 21, and 22, and vacated it on Count 19, determining in part that denying the new trial motion was not an abuse of discretion. *United States v. Heard*, No. 18-10218, 2022 WL 2662882, *1 (9th Cir. July 11, 2022), cert. denied sub nom. *Young v. United States*, 143 S. Ct. 851, 215 L. Ed. 2d 83 (2023). Upon the defendants' request, the Ninth Circuit stayed issuance of the mandate pending a petition for writ of certiorari. On February 21, 2023, the United States Supreme Court denied Young's and his co-defendants' petition, and the Ninth Circuit issued its mandate. *See Young v. United States*, 143 S. Ct. 851, 215 L. Ed. 2d 83 (2023); *United States. v. Young*, No. 3:13-cr-00764-WHO-11 (9th Cir. Feb. 21, 2023) (mandate of the Ninth Circuit Court of Appeals issued

1  pursuant to Rule 41(a) of the Fed. R. App. P.). I set resentencing for August 31, 2023, to address
2  the vacating of Young's conviction on Count 19. Dkt. No. 2545.
3    While Young's conviction was on appeal, California enacted Senate Bills 1437 (effective
4  January 1, 2019) and 775 (effective January 1, 2022), both of which amended California Penal
5  Code sections 188 and 189. Senate Bill 1437 eliminated the "natural and probable consequences"
6  liability for second degree murder. On July 6, 2021, the California Supreme Court interpreted
7  Senate Bill 1437 as providing a basis to "retroactively seek relief." *See People v. Lewis*, 11 Cal.
8  5th 952, 959 (2021). Senate Bill 775 codified *Lewis*'s holding that Bill 1437 created a path toward
9  retroactive relief and explained that the amendment also eliminated any "other theory under which
10 malice is imputed to a person based solely on that person's participation in a crime." *See* Cal.
11 Penal Code §§ 188(a)(3), 1172.6(a)(1); *see also People v. Delgadillo,* 14 Cal. 5th 216, 223, n. 3
12 (2022), as modified (Feb. 15, 2023), reh'g denied (Feb. 15, 2023).
13   Penal Code sections 188 and 189 served as the predicate offenses for Young's VICAR
14 murder charge (Count 18) and related use/possession of a firearm during murder charge (Count
15 20). The charges on these counts were used as predicate acts for Young's RICO conspiracy
16 charge (Count 1).

## LEGAL STANDARD

Rule 33 provides, in relevant part, that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The time limit set forth by Rule 33 serves to minimize the "useless expenditure of judicial time and needless delay in the finality of criminal convictions." *Cf. United States v. Frame,* 454 F.2d 1136, 1138 (9th Cir. 1972). This time limit runs from the date of the verdict. *See United States v. Woods,* 399 F.3d 11424, 1145–46 (9th Cir. 2005).

Rule 45 permits a court to extend the time limits set forth elsewhere in the Rules either on its own initiative or on a party's motion filed "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to

3

the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## DISCUSSION

Young's motion seeks leave to file a motion for new trial. I will not discuss the merits such a motion might have (disputed in the briefing by the government in its Opposition and Young in his Reply) and instead address why I will not employ my discretion to use Rule 45(b) in this case to extend the filing deadline, focusing on the factors laid out by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). I start by explaining why the relief Young seeks is ill-suited to Rule 33.

### A. Rule 33

Pursuant to the Federal Rules of Criminal Procedure Rule 33, a court may grant a motion for new trial "if the interest of justice so requires." Fed. R. Crim. P. Rule 33. Rule 33 states that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty," but all other motions for new trial "must be filed within 14 days after the verdict or finding of guilty." *Id.* Young acknowledges that he missed the deadline for filing this second motion for new trial by more than five years.

Young argues that not being able to raise the retroactivity issue now is unfair. He claims that if his trial were held today, "the government would not be allowed to rely on *Pinkerton* liability murder the way it did during the 2018 trial." Mot. 11. To be sure, erroneous jury instructions are a proper basis for a new trial if the instructions were incorrect at the time they were given. *See, e.g. United States v. Kramer*, 2020 WL 5408165-EJD, at *5 (N.D. Cal. Sep. 9, 2020) (where jury instructions contradicted existing Ninth Circuit law at the time they were issued, "a motion for new trial under Rule 33 may be granted for failure to give proper jury instructions"). But no case has been cited that suggests a Rule 33 motion for new trial should be granted for jury instructions that were correct at the time they were issued, but allegedly became incorrect more than four years later, after a retroactive state law went into effect. And no case has

4

been cited that granted a motion for new trial remotely as long as Young seeks here.

### B.     Rule 45(b)

That said, Rule 45(b) gives me the discretion, with good cause shown, to extend the time limits after the time expires under Rule 33 if a party failed to act because of excusable neglect. To make this equitable determination, I must consider at least the four factors set out in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  507 U.S. 380, 396 (1993).

The first two factors are symbiotic here, bear the most weight, and are dispositive. The first factor is prejudice, and the danger of prejudice to the government's ability to present its case if I granted a new trial after 5 and ½ years is palpable. I was the trial judge and remember well the cascading evidence regarding the criminal enterprise, the Central Divisadero Playas ("CDP"), Young and four co-defendants. The trial took 51 trial days over four months and included the testimony of more than 150 witnesses. The murder for which Young was convicted occurred in 2010. Evidence concerning some of the activities of the enterprise dated earlier than that. By the time the trial started, after pretrial interlocutory appeals that delayed it, some of the events were already over seven years old.

Two important witnesses for the government, JB and Bruce Marshall, were cooperators whose appearances are no longer within the government's control. JB was the only witness who had been a member of CDP, and his testimony provided a valuable window into it that the government otherwise did not have. He was on the stand for six days. Bruce Marshall, a jailhouse informant, was on the stand for three days. He testified about numerous conversations with Young in jail, including one in which Young reenacted his murder of Jelvon Helton. *Id.* He explained to Marshall that he killed Helton in retaliation for another killing. *Id.* And Marshall gave other detailed, incriminating testimony. It factored heavily into the government's case against Young and featured prominently in the prosecutor's closing argument. Oppo. 18:23-24. Marshall's credibility was attacked by the defendants--he was an admitted "pathological liar" who stood to benefit from his testimony against Young--but the jury apparently found him credible.

If the government was unable to locate Marshall or Brown for a new trial and secure their attendance, it would be substantially prejudiced in presenting its case. Even if the government could find them and bring them to trial again (it seems likely they are not within the subpoena power of the court), their memories have likely faded. Young argues that this potential for prejudice is mitigated by Marshall's notes from his conversations with Young, which could be used to refresh his memory. *See* Repl. 9:5-9. Maybe. But that does not address the difficulty in securing his testimony, not to mention that of the other necessary witnesses. In a new trial, the government would need to establish that CDP was a criminal enterprise involved in shooting at and killing rivals; many of the 150 witnesses who previously testified would need to do so again, to long ago events with their memories understandably dimmed. And that assumes they can be located.

The seminal cause for prejudice to the government is the delay in bringing this motion, the second *Pioneer* factor. While Rule 45(b) can extend timelines for Rule 33 motions, nothing in the caselaw suggests that the delay may be indefinite. Young is asking that I drastically depart from precedent to allow a Rule 33 motion five-and-a-half years after conviction because of a change in law.[1] "*Pioneer* . . . indicates that a district court may find neglect 'excusable' *if it is caught quickly*, hurts no one, and is a real mistake, rather than one feigned for some tactical reason[.]" *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (Berzon, J., concurring) (emphasis added). In this case, the alleged error was not caught quickly and it would prejudice the government.

This brings me to the third *Pioneer* factor, the reason for the delay. Young had representation throughout the appeal process and had access to counsel to bring this motion sooner. His appellate counsel could have filed this motion at any time after the amendments were enacted, the California Supreme Court ruled that they were retroactive, and the appeals process had concluded, if not sooner. Young argues that he could not do so prior to the change in the

---

[1] As I discuss later, it is not clear that a failure to bring a motion for new trial when that motion is based on a change in law even constitutes excusable neglect under Rule 45.

6

controlling law in December 2022, and then the pendency of his appeal deprived this court of jurisdiction to hear his appeal until the Supreme Court denied certiorari;[2] after that, he purportedly received ineffective assistance of counsel. Mot. 8-10; Defendant's Reply ("Repl.") [Dkt. No. 2563] 4.

The ineffective counsel claim is this: Young and his legal team were aware of the retroactive effect of the pertinent senate bills on December 19, 2022, and yet did not file a motion for new trial until October 26, 2023. *See People v. Delgadillo*, 14 Cal. 5th 216 (2022). Young offers *United States v. Munoz*, 605 F.3d 359 (6th Cir. 2010) and *United States v. Acosta*, 2012 WL 273709-CRB, at *5 (N.D. Cal 2012) to support this argument. *See* Mot. 10:14-19. While ineffective assistance of counsel can be a basis for Rule 45 relief, as those cases hold, it is not applicable here.

*Munoz* found that a defendant should not be held responsible for the six-month delay in bringing a Rule 33 motion given his trial counsel's decision not to bring an ineffective assistance claim against himself. Here, Young's claim is that his appellate counsel was ineffective in failing to bring a timely Rule 33 motion within two weeks of December 19, 2022 (or February 21, 2023), more than four and a half years after the verdict was rendered. Young's attorney's failure to bring a Rule 33 motion was not an egregious act or omission: the basis for the present motion is novel. No caselaw suggests that it is reasonable for a lawyer to file a second Rule 33 motion for new trial four years after a conviction that has been affirmed on appeal.

In *United States v. Acosta*, the Rule 45 motion was filed approximately three months late; the defendant sought a new trial because he believed the government had failed to prove an element of the offense. *See Acosta*, 2012 WL 273709, at *5. Judge Breyer considered that Acosta's trial counsel was objectively unreasonable in not filing the motion timely because

---

[2] Young argues that he could not file a motion for new trial until February 21, 2023, when the Supreme Court denied his writ of certiorari, because this court did not have jurisdiction to take action on such a motion until that date because his appeals were pending. But even assuming that Young was excused from filing a motion for a new trial until then, he did not file his motion for leave to file motion for a new trial until October 26, 2023, well over two weeks after February 21, 2023.

counsel had no reason to believe the motion would be futile, there was no strategic reason to *not* bring the Rule 33 motion, it would have been easy for counsel to bring the motion, and there were "obvious flaws in the government's case." *See id*.

None of these reasons apply to Young's situation. Counsel had many reasons to believe a Rule 33 motion filed anywhere from four to five-and-a-half years after the original verdict would be futile. There was no easy way to bring the motion. And, especially given the affirmance of the verdict, there were no obvious flaws in the government's case. The change in California state law, even considering its retroactivity, was not so obvious a basis for a Rule 33 motion that Young's counsel was objectively unreasonable in failing to file one earlier.[3]

The government argues that the circumstances Young describes do not constitute excusable neglect because they are premised on a "legal impossibility," which it says Rule 45(b) does not recognize as excusable neglect, and that ineffective assistance of counsel also does not constitute excusable neglect. Government's Opposition ("Oppo.") [Dkt. No. 2562] 7:2-4; 9:14-10:19. Young contends that "in this admittedly unusual context, 'legal impossibility' must be treated at least as leniently as 'excusable neglect.'" Repl. 4:9-10. But he points to no caselaw suggesting that this is true. *See generally* Mot., Repl. His concession that this is an "unusual context" and the lack of legal precedent supporting his position confirms that my decision would be unique were I to grant it. And in any event, the ten-month delay to file a Rule 33 motion from the effective date of the change in the law undercuts his position regarding excusable neglect.[4]

In weighing my equitable discretion, I also consider whether Young would be forever foreclosed from raising this issue using a more appropriate procedural vehicle. This seems like the kind of issue for which habeas is designed. 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of

---

[3] Young also argues, seemingly in the alternative to his argument explained in n. 2, that he could not file a motion for new trial until August 28, 2023, when he received new counsel. The two months that elapsed until the motion for new trial was filed is no basis to claim ineffective assistance of counsel.

[4] I do not doubt that Young and his counsel have acted in good faith in bringing this motion (the fourth *Pioneer* factor).

8

> Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The government does not take issue with Young's ability to raise this issue in a habeas petition.[5] Young protests that he would have to wait until I resentence him, he appeals my denial of this motion, and the mandate issues following the appeal's determination. *See* Defendant's Supp. Brief [Dkt. No. 2572]. At his request, I have delayed resentencing since August 31, 2023, to address this motion first. I recognize that it would be faster if I just addressed the merits of his motion, but for the reasons stated I think to do so is improper and consideration of the *Pioneer* factors counsels against it. No case has employed Rules 33 and 45 for anything close to the extension that Young seeks.[6]

If Young had brought this motion in December 2022 instead of October 26, 2023, the result would be the same. The delay from March 2018 is simply too prejudicial to the government for Young to utilize Rule 45 to file a second motion for a new trial.

## CONCLUSION

For the foregoing reasons, Young's motion for leave to file a motion for new trial pursuant to Rule 45(b) is DENIED.

**IT IS SO ORDERED.**

Dated:   December 19, 2023

---

[5] I gave the parties the option of filing a supplemental brief to discuss the availability of habeas to address this issue. Young did so. The government did not.

[6] Young is serving a 20-year sentence on Count 21, so the delay caused by utilizing the habeas procedure should not impact the length of his incarceration even if his petition is meritorious. And the merits of the substantive issue motivating Young's argument are not obvious. The law has changed in California, but the impact its retroactivity might have on federal law is untested. And in this case, there was a good deal of evidence that Young murdered Helton himself and was not merely guilty because he was a member of the enterprise that killed Helton. But that issue can be considered on habeas.

                                                                                                                      _____
William H. Orrick
United States District Judge