UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>    v.<br>JAQUAIN YOUNG,<br>                Defendant. | Case No. 13-cr-00764-WHO-11<br><br>**ORDER ON RESENTENCING** |

I originally sentenced Jaquain Young on June 8, 2018, to a mandatory life term on Counts 1 (RICO Conspiracy) and 20 (use and possession of a firearm), life without the possibility of parole for VICAR murder under Count 18, life for Count 22 (pimping), 20 years on Count 21 (pimping), and 10 years for Count 19 (use of firearm in crime of violence). Dkt. No. 1863. The Ninth Circuit largely affirmed his convictions on July 11, 2022, but vacated his conviction for using a firearm in a crime of violence under 18 U.S.C. § 924(c) in Count 19 because it was a lesser included offense for his conviction for using a firearm during a murder in violation of 18 U.S.C. § 924(j) in Count 20. *See United States v. Heard*, No. 18-10218, 2022 WL 2662882, *1 (9th Cir. July 11, 2022), cert. denied sub nom. *Young v. United States*, 143 S. Ct. 851, 215 L. Ed. 2d 83 (2023). Young sought certiorari from the Supreme Court, which was denied. *See Young v. United States*, 143 S. Ct. 851, 215 L. Ed. 2d 83 (2023); *United States. v. Young*, No. 3:13-cr-00764-WHO-11 (9th Cir. Feb. 21, 2023) (mandate of the Ninth Circuit Court of Appeals issued pursuant to Rule 41(a) of the Fed. R. App. P.).

After the mandate was returned to me for resentencing, Young moved for a new trial, which I denied. Dkt. Nos. 2558, 2574. He then asked to reopen sentencing (Dkt. No. 2611) on Counts 21 and 22, his pimping convictions, which had been affirmed by the Ninth Circuit.

Following briefing and argument, which included a description of why Young believed a reduced sentence on Counts 21 and 22 was appropriate, I entered an Order Regarding Scope of Sentencing on October 16, 2024, stating that "I intend to vacate the conviction on Count 19 and impose the original sentence on the remainder, recognizing that the ultimate results of a future habeas petition could cause me to reopen sentencing on the remaining counts." Dkt. No. 2619 at 3.

After that, the parties stipulated that resentencing could be accomplished on the papers. Dkt. No. 2621. I then invited the parties to submit any further material that I should consider before rendering the amended sentence: Young filed a twelve-page statement detailing his personal history, which described among other things his very difficult childhood and adolescence as well as his efforts to rehabilitate and plans for the future (Dkt. No. 2623-1 at p. 2-13), his community college transcript and Individualized Needs Plan at the US Penitentiary Atwater (Dkt. No. 2623-1 at p. 14-19), and character letters from his mother and Sis Ronakee Austin-Oates (Dkt. Nos. 2623-2 and 2623-3).

I have reviewed all of the briefing described in this Order, the material just submitted, and the prior sentencing proceedings. *See* Transcript of Proceedings on June 8, 2018, Dkt. No. 1872. I incorporate and adopt by reference my findings from the prior sentencing hearing, including the Sentencing Guidelines calculations, which in this case carry a mandatory life sentence without the possibility of parole. I do not include any consideration of Count 19, which is vacated. I also incorporate my evaluation of the sentencing factors under 18 U.S.C. § 3553(a). I further acknowledge the likelihood that I will see a habeas petition based on a change in California law and the representations Young has made concerning his rehabilitation efforts while incarcerated and his plans for the future. And, as I said at the sentencing hearing in 2018, "I am taking into account everything that I have sat through, learned, observed and seen in this case." Dkt. No. 1872 at 93:10-11.

In consideration of all that I have mentioned, I vacate Young's conviction in Count 19 under 18 U.S.C. § 924(c) as directed by the Ninth Circuit, which also reduces the amount of the special assessment owed by $100 (to a total of $500). And for the reasons set forth during the original sentencing hearing and in the Order Regarding Scope of Sentencing, Young's sentence

otherwise remains the same. It is mandated by law and reflects the seriousness of the crimes, promotes respect for the law, deters criminal conduct and protects the public from future crime by the defendant.

Accordingly, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court on resentencing that Jaquain Young is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of Life. The term consists of terms of Life on each of Counts 1, 18, 20, and 21 and 20 years on Count 22, all counts to be served concurrently.

It is further ordered that the defendant shall pay to the United States a special assessment of $500. Payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, or via the pay.gov online payment system. During imprisonment, payment of criminal monetary penalties is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

The Court finds that the defendant does not have the ability to pay a fine and orders it waived.

The Court recommends to the Bureau of Prisons that the defendant be designated to a facility as close to the San Francisco Bay Area in California as possible. The defendant is hereby remanded to the custody of the United States Marshal.

**IT IS SO ORDERED.**

Dated: December 3, 2024

William H. Orrick
United States District Judge